# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-23-01200-PHX-MTL |
| Plaintiffs, | **PRELIMINARY INJUNCTION** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Having previously granted a temporary restraining order ("TRO") on July 5, 2023 and ordered Defendants John Doe #1 d/b/a pornez.net; John Doe #2 d/b/a cumgloryhole.com; John Doe #3 d/b/a hqcollect.net (collectively, "Defendants") to show cause as to why a preliminary injunction on the same terms should not issue (Doc. 10), and with the matter fully briefed as to the requested preliminary injunction, the Court held a hearing on July 26, 2023, at 2:00 p.m. Plaintiffs Fornix Holdings LLC and CP Productions, Inc. (collectively, "Plaintiffs") appeared at the hearing. Defendants were given notice of the hearing, but did not appear.

For good cause shown, and having considered all pleadings and motions filed in this matter to date as well as all information and argument presented at hearing, the Court enters the following findings of fact and conclusions of law and grants the preliminary injunction on the terms as follows.

# **FINDINGS OF FACT**

1. Plaintiffs own the exclusive copyrights in all of the audiovisual works as specified in the Complaint and the exhibits attached thereto.

2. Plaintiffs use their website at <www.gloryholeswallow.com> as the exclusive channel since 2011 to distribute their works on a pay-to-watch basis. Plaintiffs prohibit unauthorized redistribution of their works with a "warning" message against copyright infringement included in every video that Plaintiffs have published.

3. Defendants operate the infringing websites, respectively located at <pornez.net>, <cumgloryhole.com>, and <hqcollect.net> (collectively, the "Infringing Websites")[*] to display and distribute copies of Plaintiffs' works among other content, using Plaintiffs' trade name in tags, categories, and video titles to indicate the source of the content. Specifically, Defendant John Doe #1 d/b/a pornez.net ("Defendant PornEZ") had been operating an infringing website located at <pornez.net> since at least 2021. Defendant John Doe #2 d/b/a cumgloryhole.com ("Defendant CGH") had been operating an infringing website located at <cumgloryhole.com> since at least 2021. Defendant John Doe #3 d/b/a hqcollect.net ("Defendant HQC") had been operating an infringing website located at <hqcollect.net> since at least 2018.

4. The infringement on the Infringing Websites had worsened since around February 2023, when Plaintiffs noticed a bulk release of infringing copies of their works on these websites. As a result, the Infringing Websites attracted more viewer traffic from online search results of Plaintiffs' trade name, which diverted more viewers from Plaintiffs' website to the Infringing Websites.

5. Plaintiffs did not authorize Defendants to engage in the above-described conduct.

6. Defendants knowingly infringed Plaintiffs' copyrights, because Defendants copied Plaintiffs' videos in the whole, including Plaintiffs' "warning" message, affixed to the beginning of every video, that prohibits unauthorized copying and distribution.

---

[*] For reasons stated below, the term "Infringing Websites" also include a newly created website at <cumgloryhole.se> by Defendant CGH during the pendency of this lawsuit.

7. Defendants profited from their infringing conduct by placing advertisements on the Infringing Websites or selling VIP access to their visitors.

8. As a result of Defendants' operation of the Infringing Websites, Plaintiffs have suffered harm in reputation because members complained about the freely accessible videos on the Infringing Websites, while they have to pay to watch the same videos on Plaintiffs' website.

9. Defendants have disregarded Plaintiffs' Digital Millennium Copyright Act notices prior to the commencement of this lawsuit.

10. Defendants were validly served by email and had notice of this lawsuit, the TRO hearing and the Preliminary Injunction Hearing, and the TRO issued on July 5, 2023. None of the Defendants or anyone purporting to act on their behalf appeared at the hearings or filed any papers in this lawsuit to date.

11. Defendant CGH, rather than complying with the TRO or ceasing from its infringing conduct, registered a new domain name at <cumgloryhole.se> on July 8, 2023 and transferred its infringing website thereto.

12. The new website created by Defendant CGH appears to be a replica of its original website at <cumgloryhole.com>, with which Defendant CGH continues to display and distribute unauthorized copies of Plaintiffs' works and profit from such conduct.

**CONCLUSIONS OF LAW**

1. This Court has personal jurisdiction over Defendants, because Defendants' conduct targets Plaintiffs, two Arizona companies, and causes foreseeable harm within the State of Arizona. Moreover, Plaintiffs have lawfully effectuated service of process on Defendants, and Defendants did not appear, answer, or file any motion in this lawsuit to challenge the issue of personal jurisdiction.

2. This Court has subject matter jurisdiction over Plaintiffs' copyright infringement claim pursuant to 28 U.S.C. §§ 1331, 1338.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)-(3).

4. Plaintiffs have shown a strong likelihood of prevailing on their copyright infringement claim.

5. As to their copyright infringement claim, Plaintiffs are the legitimate rightful owners of the audiovisual works specified in the Complaint with U.S. copyright registration numbers identified and affixed to the audiovisual works. 17 U.S.C. § 410(c); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (finding copyright registrations as prima facie evidence as one's ownership of valid copyrights).

6. Defendants, by making copies of, displaying, and distributing Plaintiffs' works without authorization, infringe Plaintiffs' exclusive rights under 17 U.S.C. § 106(1)-(5). *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 969 (C.D. Cal. 2016), *aff'd*, 869 F.3d 848 (9th Cir. 2017) (finding violation of the plaintiff's reproduction and public performance rights where the defendant made digital copies of the plaintiff's work and offered it for free streaming on the defendant's website).

7. Defendants did not proffer any evidence to establish independent creation of the videos on the Infringing Websites.

8. Defendants' conduct is not justifiable as "fair use" under 17 U.S.C. § 107 analysis. Defendants' use of Plaintiffs' works is not "transformative"—Defendants do not alter Plaintiffs' works with "new expression, meaning, or message" or use them in a different context. *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1153 (9th Cir. 2022) (finding that digital publisher's use of plaintiff's pictures was not fair use where it merely repackaged them without adding anything transformative). Defendants' use of Plaintiffs' works is commercial in nature, because Defendants profit from such unauthorized use. *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002) (finding commercial use based on a showing that repeated and exploitative unauthorized copies of copyrighted works were made to save the expense of purchasing authorized copies). Defendants make unauthorized use of a large quantity of Plaintiffs' works, and such use diminish Plaintiffs' works' market value in the niche media market that Plaintiffs supply content to. *See*

*Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1183 (9th Cir. 2012).

9. In addition, Plaintiffs have established that they will suffer irreparable injury and harm absent the requested injunctive relief through their verified Complaint and the declarations of Mr. David L. Graves. Fed. R. Civ. P. 65(b); *Mendez v. Cooper*, No. CV-19-01701-PHX-SPL, 2019 WL 13195461, at *2 (D. Ariz. Apr. 4, 2019) (requiring submission of an affidavit or verified complaint to show immediate, irreparable harm for a TRO sought without notice to the defendant, and to show "any efforts made to give notice and the reasons why it should not be required").

10. Because Defendants have curated large collections of Plaintiffs' works and offer them for free streaming or downloading, the Infringing Websites and the pirated copies therein undermine Plaintiffs' ability to control the exclusive use of their copyrighted works. Defendants' infringing use also causes an ongoing harm to Plaintiffs' goodwill where Plaintiffs' members have complained about the free pirated copies. *See Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (finding irreparable harm where the infringing website with unauthorized copies of plaintiff's videos undermined plaintiff's leverage to negotiate exclusive video-streaming licenses and damaged plaintiff's goodwill).

11. Plaintiffs' risk of irreparable injury is further demonstrated by Defendant CGH's ongoing infringement in total disregard of this lawsuit and the TRO. Plaintiffs have established with their verified Complaint and Mr. Grave's declarations that Defendants are likely to escape liability by transferring the Infringing Websites to other domain names to continue their infringement. Furthermore, Defendant CGH's creation of a new replica of its original infringing website during the pendency of this lawsuit further confirms Plaintiffs' theory. *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-280-PHX-LOA, 2011 WL 7430062, at *14 (D. Ariz. Dec. 28, 2011), report and recommendation adopted, No. CV-11-280-PHX-SMM, 2012 WL 641579 (D. Ariz. Feb. 28, 2012) (finding that without an injunction, "monetary damages would not prevent Defendants from continuing to infringe Plaintiff's copyrighted works through other

1  websites in the future, and will not prevent third-parties using those websites for further
2  infringement of Plaintiff's copyrighted works").

3        12.    The balance of equities also favors Plaintiffs. Because Defendants'
4  operation of the Infringing Websites is based on knowing and willful infringement on
5  Plaintiffs' and others' copyrights, Defendants have no cognizable interest in these
6  websites and "cannot complain of the harm that will befall [them] when properly forced
7  to desist from [their] infringing activities." *Triad Sys. Corp. v. Se. Exp. Co.*, 64 F.3d
8  1330, 1338 (9th Cir. 1995).

9        13.    The public interest also supports a preliminary injunction, including the
10 public interest in "upholding copyright protections and correspondingly, preventing the
11 misappropriation of skills, creative energies, and resources which are invested in the
12 protected work." *Disney*, 869 F.3d at 978. The public interest will be well served by
13 enjoining Defendants' willful infringement of Plaintiffs' creative works.

14       14.    Therefore, the Court finds that this case strongly favors the granting of a
15 preliminary injunction on the terms set forth below, and the Court in the exercise of its
16 sound discretion grants a preliminary injunction to Plaintiffs.

17       15.    The Court also finds that it is appropriate, consistent with Fed. R. Civ. P. 4,
18 and commensurate with due process, to continue its order for email service as effective
19 personal service on Defendants. Fed. R. Civ. P. 4(k)(2); *Holland Am. Line Inc. v.*
20 *Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *see also BMO Harris Bank,*
21 *N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *1 (D. Ariz. June
22 10, 2014) (granting alternative service by email where traditional means of services were
23 impracticable for a U.S. defendant); *Liberty Media Holdings*, 2011 WL 7430062, at *1
24 (permitting service by e-mail on foreign defendants under due process and Fed. R. Civ. P.
25 4(f)).

26       16.    Due to the strong likelihood of success on the merits of Plaintiffs' copyright
27 infringement claim and Plaintiffs' showing of irreparable harm, and the minimal risk of
28 harm to Defendants from the preliminary injunction, the Court exercises its discretion

and carries forward the $5,000 bond ordered and posted pursuant to the TRO, finding this bond sufficient for the purposes of the preliminary injunction. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (district courts have the discretion to set the bond amount or waive the requirement if there is no realistic likelihood of harm to the defendant). No further bond is required.

17. The Court has the power to include non-parties VeriSign, Inc. and Cloudflare, Inc. within the scope of the preliminary injunction, and finds it appropriate to do so on the terms set forth below. Fed. R. Civ. P. 65(d)(2)(C); *see also Trial Film LLC v. Wu Daoai*, No. CV-21-00984-PHX-JJT, 2021 WL 2949508, at *4 (D. Ariz. July 14, 2021) (including non-party service providers in a permanent injunction).

**TERMS OF PRELIMINARY INJUNCTION**

1. Defendants shall, immediately upon notice, (a) deactivate and prevent the transfer of the domain names <pornez.net>, <cumgloryhole.com>, <cumgloryhole.se>, and <hqcollect.net>; (b) deactivate and permanently delete the websites at each of these domain names; (c) delete all copies of Plaintiffs' copyrighted works, which have been uploaded to any third-party websites associated with these domain names; and (d) cease providing all services for the maintenance and support of the websites at each of these domain names.

2. Verisign, Inc., as the top-level registry for the domain names <pornez.net>, <cumgloryhole.com>, and <hqcollect.net>, shall, immediately upon notice, and without providing advance notice to Defendants, continue to deactivate the said domain names and place a registry hold on them to prevent transfer pending further order from this Court.

3. Cloudflare, Inc., as the Internet service provider for the websites located at <pornez.net>, <cumgloryhole.com>, and <cumgloryhole.se>, shall, immediately upon notice, continue to suspend all services within its technical capabilities, including content network delivery, reverse-proxy, and security services, for the said websites, pending further order from this Court.

4.  The bond previously posted by Plaintiffs shall remain in place and continue as the bond for purposes of this preliminary injunction as well. No additional bond is required.

5.  For good cause shown, the Court previously authorized alternative personal service by email (Doc. 10). That order remains in effect as to past service. Counsel for Plaintiffs shall, within two days of this Order, serve a copy of this Order and all papers filed in support of this Order on Defendant PornEZ at the email address: 463fd821828b487185219fc6b72c2df0.protect@withheldforprivacy.com; on Defendant CGH at the email address or online contact form: domainabuse@tucows.com; https://tieredaccess.com/contact/ae98aa83-97ba-46f4-83f0-47f0814f65c8; and on Defendant HQC at the email addresses: domain@nicenic.net, abuse@nicenic.net, or support@nicenic.net. Personal service shall be deemed accomplished effective as of the later of the date of email. The Court finds said means reasonably calculated to effect service, provide actual notice to Defendants, and to comport with due process.

**IT IS SO ORDERED**

Dated this 2nd day of August, 2023.

Michael T. Liburdi
United States District Judge