LAW OFFICES
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010
E-Mail: eric.bjorgum@kb-ip.com
A. Eric Bjorgum (CA State Bar No. 198392)
Attorneys for Non-Party Intervenor MG PREMIUM LTD

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

Fornix Holdings, LLC, et. al.,

                Plaintiffs,

v.

Unknown Party, et al.,

                Defendants.

Case No. 2:23-cv-01200

**NON-PARTY MG PREMIUM LTD'S UNOPPOSED MOTION TO INTERVENE**

(Before the Honorable M. Liburdi)

MG Premium Ltd and its successor-in-interest Aylo Premium Ltd (hereinafter "MG Premium Ltd" or the "Intervenor") respectfully submit this Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(1) as a matter of right. The Intervenor seeks to participate in this action for the limited purpose of requesting that the Honorable Michael T. Liburdi of this Court lift the Court's Temporary Restraining Order (Dkt. 10) and its Preliminary Injunction (Dkt. 23) as it pertains to the domain name PornEz.net (hereinafter "Domain" or "PornEz.net"). This relief is sought to enable the execution of the Judgment and Amended Permanent Injunction issued on April 30, 2024, by the Honorable Consuelo B. Marshall of the U.S. District Court for the Central District of California in Case No. 2:23-cv-00349-CBM-PVCx[1]. Granting this Motion will allow the Intervenor to secure the asset domain PornEz.net, as awarded in the aforementioned case

---

[1] See Exhibit A Dkts. 43, 44 of case 2:23-cv-00349 in Exhibit A Declaration of A. Eric Bjorgum

and fully adjudicated in another Federal District in the Ninth Circuit. The interests of justice and equity support such intervention because the Intervenor is seeking to satisfy a judgment against a Defendant in the instant matter.

MG Premium Ltd's intervention is only to effectuate the transfer of the <pornez.net> domain name, and MG Premium Ltd has no interest in, and takes no position on, Plaintiff's ability to seek other remedies from the Defendant, including monetary damages.

Counsel for Plaintiffs Fornix Holdings, LLC and CP Productions Incorporated have agreed not to oppose this Motion or the limited relief sought herein. (see Exhibit B – Email from Plaintiffs' counsel David D. Lin). After the Amended Judgment was entered, Intervenor's counsel sought to enforce the domain name transfer of PornEz.net, at which point Verisign notified Intervenor's counsel of this Court's preliminary injunction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTS

On January 17, 2023, MG Premium Ltd, a limited liability company organized under the laws of the Republic of Cyprus, by and through the undersigned counsel filed a Complaint in the United States District Court Central, District of California, Western Division against Defendants Nguyen Hoi and Does 1-20, d/b/a PornEz.net for copyright infringement, inducement of copyright infringement, vicarious and contributory copyright infringement[2] (hereinafter referred to as "California Case"). The case number is 2:23-cv-00349, and it was assigned to Hon. Consuelo B. Marshall.[3]

On March 11, 2023, Service of the Summons and Complaint for the California

---

[2] See Exhibit B Dkt 1 of 2:23-cv-00349 in Exhibit A Declaration of A. Eric Bjorgum.
[3] See Exhibit C Dkt Report in Exhibit A Declaration of A. Eric Bjorgum.

Case was executed by MG Premium Ltd upon Nguyen Hoi dba PornEz.net in compliance with the Federal Rules of Civil Procedure. A Proof of Service was filed.

On July 9, 2023, Notice of Motion and Motion for Default Judgment against Defendant Nguyen Hoi d/b/a PornEz.net was filed by Plaintiff MG Premium Ltd.

On November 6, 2023, Hon. Consuelo B. Marshall granted Plaintiff MG Premium Motion for Default Damages, Damages, Permanent Injunction, and attorney's fees and costs. The Court denied a request for an order enjoining third parties Cloudflare, Inc., Name Cheap, Inc., and Verisign, Inc. from doing business with Defendant and requiring the transfer of the domain name PornEz.net to MG Premium Ltd. (Dkt 35, 36.)

On November 20, 2023, MG Premium Ltd filed a Motion to Alter the Judgment regarding the Permanent Injunction and a Proposed Amended Judgment in order to obtain judgment for the transfer of the Domain to MG Premium Ltd.

On April 30, 2024, Hon. Judge Consuelo B. Marshall issued an Amended Permanent Injunction and Order[4] regarding MG Premium Ltd's Motion to Alter or Amend Default Judgment to include the transfer of the Domain to MG Premium Ltd as follows:

> "It is hereby ORDERED, ADJUDGED and DECREED that Verisign, Inc. and any other registries and registrars of the domain name PornEZ.net, shall (i) make the web site and any other content located that the domain name inaccessible to the public; (ii) transfer the domain PornEZ.net to MG Premium Ltd, including changing the registrar of record to the registrar selected by MG Premium Ltd at MG Premium Ltd's reasonable expense; and (iii) after the transfer, re-enable the domain name so that MG Premium Ltd may fully control and use the domain

---

[4] See Exhibit D copy of Certified Judgement in Exhibit A Declaration of A. Eric Bjorgum.

name. The Court shall retain jurisdiction over this action for the purpose of enforcing this final Judgment. IT IS SO ORDERED."

After the Amended Judgment was entered, Intervenor's counsel sought to effect the domain name transfer of PornEz.net, at which point Verisign, Inc. notified Intervenor's counsel of this Court's preliminary injunction. As noted, Plaintiff's counsel does not oppose this motion.

## II.    <u>LAW AND ARGUMENT</u>

Federal Rule of Civil Procedure 24(a) provides:

On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). See also *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Rule 24(a) is construed broadly in favor of potential intervenors. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). In addition to this broad construction, review of the motion is "guided primarily by practical considerations, not technical distinctions." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotations omitted).

As explained below, the Intervenor meets the Ninth Circuit's four requirements for Rule 24(a)[5] intervention as a matter of right:

---

[5] Even where intervention is unavailable as of right, the Court may grant permissive intervention by anyone who

1
2
3
4
5
6
7
8

The courts in this circuit have recognized that the requirements of Rule 24(a)(2) may be broken down into four elements, each of which must be demonstrated in order to provide a non-party with a right to intervene: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court.

9
10

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citing, *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)).

11

**A.      Intervenor's Motion is Timely.**

12
13
14
15
16
17
18
19
20

Intervenor's Motion is timely under Fed. R. Civ. P. 24(a). See *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (describing timeliness considerations). Intervenor promptly drafted this Motion and contacted Plaintiffs' counsel only weeks after it was notified by Verisign, Inc. that this court had issued a Preliminary Injunction (Dkt 23) against the website PornEz.net. *Cf, League of United Latin Am. Citizens*, 131 F.3d at 1302 (intervention not timely where intervenor waited 27 months before filing motion to intervene). The Intervenor does not intend to seek any delay in the case. Thus, this Motion will cause neither prejudice to the existing parties nor any delay in these proceedings. Under these circumstances, the Motion is timely.

21
22

---

23
24
25
26

"has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The standard for permissive intervention is a low one." *Sierra Club v. McLerran*, 2012 WL 12846108, at *1 (W.D. Wash. 2012). It cannot be disputed that the defenses the Intervenor seeks to bring will involve common questions of law and fact, the enforceability of said judgment in Arizona, and the applicability of execution against the Defendant's assets. Permitting the Intervenor to intervene also would allow the Intervenor to vindicate its substantial interests.

NON-PARTY MG PREMIUM LTD'S MOTION TO INTERVENE

**B.** **Intervenor Has a Significantly Protectable Interest that Is Related to the Subject of This Action.**

Intervenor has a final judgment in its favor ordering transfer of the Domain. The registrar of PornEz.net is currently enjoined by order of this Court from transferring the Domain. The injunction issued by this Court is preliminary in nature, and there are no final or dispositive motions pending in this Court. Without an Order lifting the Injunction and authorizing the transfer of the domain PornEz.net, the Plaintiff in the California Case will be without an adequate remedy.

**C.** **Intervenor Is So Situated That Disposition of This Action Will Impair Applicant's Ability to Protect Its Interest.**

There is no doubt that if this matter proceeds to completion, its disposition will impair Intervenor's ability to protect the interests it accrued with its Judgment. Plaintiff here already has a preliminary injunction, and Defendants have already shown that there is little likelihood they will appear. It is thus likely that Plaintiff will obtain a default judgment awarding the same Domain that Intervenor already has a Judgment over.

**D.** **Applicant's Interests Are Adequately Represented Before This Court.**

In this Motion, Applicant is represented by the same counsel who obtained the Judgment requiring the transfer of the Domain. Further, Applicant's counsel is admitted to practice before this District and has appeared in this District before.

**III.** **CONCLUSION**

For the foregoing reasons, this Court having considered the Motion for Intervention and associated papers submitted by the Intervenor, the Court should grant this Motion. Specifically, the Court should:

1.     Lift the terms of its Preliminary Injunction on the domain PornEz.net.

2.     Permit the Intervenor MG Premium Ltd to enforce the Judgment and Amended Permanent Injunction issued by Hon. Consuelo B. Marshall in case number 2:23-cv-00349.

RESPECTFULLY SUBMITTED this 23rd day of July 2024.

**KARISH & BJORGUM, PC**

By: /s/ A. Eric Bjorgum

    A. Eric Bjorgum (CA State Bar No. 198392)

    Attorneys for MG Premium Ltd

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants, including those listed below.

David D Lin
Lewis & Lin LLC
77 Sands St., 6th Floor
Brooklyn, NY 11201
718-243-9323
Fax: 718-243-9326
Email: david@ilawco.com
Attorney for Plaintiffs Fornix Holdings LLC and CP Productions Incorporated

Michael D Cilento
Lewis & Lin LLC
77 Sands St., 6th Floor
Brooklyn, NY 11201
732-779-1380
Email: michael@ilawco.com
Attorney for Plaintiffs Fornix Holdings LLC and CP Productions Incorporated