**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-23-01200-PHX-MTL |
| Plaintiffs, | **PERMANENT INJUNCTION** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Pursuant to the Court's Order granting Plaintiffs Fornix Holdings LLC and CP Productions, Incorporated ("Plaintiffs") Motion for Default Judgment and its finding that Plaintiffs have met their burden that a permanent injunction should be set in place (Doc. 35), the Courts finds as follows:

## **FINDINGS**

1. This Court has personal jurisdiction over Defendants and jurisdiction over the subject matter at issue pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction.

2. Plaintiffs have valid and enforceable copyrights in the audiovisual works provided in Attachment 1 of its Motion for Default Judgment ("Copyrighted Works") (Doc. 33-2 at 9-15).

3. Defendant PornEZ has committed and continues to commit the following acts:

    a. Registered the domain name &lt;pornez.net&gt; and operates a website thereat ("PornEZ-Net"), for the below-described acts;

    b. Unlawfully created unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via PornEZ-Net;

    c. Unlawfully publicly displayed and/or authorized others to publicly display still frames of the Copyrighted Works on PornEZ-Net;

    d. Unlawfully reproduced and distributed and/or authorized others to reproduce and distribute the Copyrighted Works;

    e. Promoted the availability of the Copyrighted Works through PornEZ-Net; and

    f. Continued the acts detailed in ¶¶ (a)-(e) above after receiving notice of infringement from Plaintiffs and after the commencement of this action.

4. Defendant CGH has committed and continues to commit the following acts:

    a. Registered the domain names &lt;cumgloryhole.com&gt; and &lt;cumgloryhole.se&gt; and operates a website thereat (the "CGH Website"), for the below-described acts;

    b. Unlawfully created unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via the CGH Website;

    c. Unlawfully publicly displayed and/or authorized others to publicly display still frames of the Copyrighted Works on the CGH Website;

    d. Unlawfully reproduced and distributed and/or authorized others to reproduce and distribute the Copyrighted Works;

    e. Promoted the availability of the Copyrighted Works through the CGH Website; and

    f. Continued the acts detailed in ¶¶ (a)-(e) above after receiving notice of infringement from Plaintiffs, after the commencement of this action, and after and in violation of the Preliminary Injunction Order in this action (Doc. No. 23).

5. Defendant HQC has committed and continues to commit the following acts:

    a. Registered the domain name <hqcollect.net> and to operate a website thereat ("HQC-Net"), for the below-described acts;

    b. Unlawfully created unauthorized copies of the Copyrighted Works for further unauthorized display and distribution via HQC-Net;

    c. Unlawfully publicly displayed and/or authorized others to publicly display still frames of the Copyrighted Works on HQC-Net;

    d. Unlawfully reproduced and distributed and/or authorized others to reproduce and distribute the Copyrighted Works;

    e. Promoted the availability of the Copyrighted Works through HQC-Net; and

    f. Continued the acts detailed in ¶¶ (a)-(e) above after receiving notice of infringement from Plaintiffs and after the commencement of this action.

6. Defendants' acts constitute direct infringement of Plaintiffs' Copyrighted Works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

**IT IS THEREFORE ORDERED** that Defendants, and all of their officers, agents, servants and employees, and all those persons or entities acting in active concert or participation with these defendants, and all persons and entities who receive actual notice of this Order, are immediately and **PERMANENTLY ENJOINED** from:

1. Engaging in any of the following activities:

    a. Storing, reproducing, displaying, or distributing any of the Copyrighted Works;

    b. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, any of the Copyrighted Works;

    c. Selling, advertising, marketing, or promoting any of the Copyrighted Works;

      d. Creating, operating, maintaining, or managing any website in support of the activities described in ¶¶ (a)-(c);

      e. Registering, owning, receiving, or transferring any domain name in support of the activities described in ¶¶ (a)-(d);

      f. Creating or providing assistance to others who wish to engage in the activities described in ¶¶ (a)-(e).

2. Defendants are further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Works, whether through PornEZ-Net, the CGH Website, HQC-Net, or otherwise, including without limitation engaging in any of the following activities:

      a. Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Works;

      b. Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Works;

      c. Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Works;

      d. Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Works;

      e. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Works;

      f. Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Works;

      g. Including references to Plaintiffs' Copyrighted Works in any promotional materials; and

        h. Creating, maintaining or providing access to the Infringing Websites or copies thereof.

    3. Defendants shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the system, software, source code, data file, other technology, or domain names used in connection with PornEZ-Net, the CGH Website, or HQC-Net.

    4. Plaintiffs are entitled to ownership of the domain name <pornez.net>. Namecheap, Inc., as the registrar for the domain name <pornez.net>, shall transfer the said domain name to an account under Plaintiffs' control. These efforts shall be done at Plaintiffs' reasonable expense.

    5. Plaintiffs are entitled to ownership of the domain names <cumgloryhole.com> and <cumgloryhole.se>. Defendant CGH shall transfer the said domain name to an account under Plaintiffs' control. Verisign, Inc., as the top-level registry for the domain name <cumgloryhole.com>, shall change the registrar of record for the said domain names to Plaintiffs' registrar of choice, whereupon Plaintiffs shall be listed as the registrant of record of the said domain names. These efforts shall be done at Plaintiffs' reasonable expense.

    6. Plaintiffs are entitled to ownership of the domain name <hqcollect.net>. Defendant HQC shall transfer the said domain name to an account under Plaintiffs' control. Verisign, Inc., as the top-level registry for the domain name <hqcollect.net>, shall change the registrar of record for the said domain names to Plaintiffs' registrar of choice, whereupon Plaintiffs shall be listed as the registrant of record of the said domain names. These efforts shall be done at Plaintiffs' reasonable expense.

    7. Pursuant to Fed. R. Civ. P. 4(f)(3) and Ariz. R. Civ. P. 4.1(k)(1), sufficient cause being shown therefor, counsel for Plaintiffs shall serve a copy of this Order and all papers filed in support of this Order on Defendant PornEZ at the email address: 463fd821828b487185219fc6b72c2df0.protect@withheldforprivacy.com.

8. Pursuant to Fed. R. Civ. P. 4(f)(3) and Ariz. R. Civ. P. 4.1(k)(1), sufficient cause being shown therefor, counsel for Plaintiffs shall serve a copy of this Order and all papers filed in support of this Order on Defendant CGH at the email address: domainabuse@tucows.com.

9. Pursuant to Fed. R. Civ. P. 4(f)(3) and Ariz. R. Civ. P. 4.1(k)(1), sufficient cause being shown therefor, counsel for Plaintiffs shall serve a copy of this Order and all papers filed in support of this Order on Defendant HQC at the email addresses: domain@nicenic.net, abuse@nicenic.net, and support@nicenic.net.

10. Service by email upon Defendants via the above-mentioned email addresses of a copy of the Default Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Defendants under Fed. R. Civ. P. 65. It shall not be necessary for Defendants to sign any form of acknowledgement of service.

11. Violation of this Permanent Injunction shall expose Defendants and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

12. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 55(b), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

13. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

Dated this 29th day of April, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge